CYNTHIA SMITH et al., Appellants-Respondents, v ALAN J. TABB et al., Respondents, and IRA DAVENPORT MEMORIAL HOSPITAL, Respondent-Appellant. [801 NYS2d 652]—

Appeal and cross appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered April 22, 2004. The order, insofar as appealed from, denied that part of plaintiffs' motion for partial summary judgment on liability and denied the cross motion of defendant Ira Davenport Memorial Hospital for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Cynthia Smith (plaintiff) on her left knee during a surgical procedure on her left foot. According to plaintiffs, plaintiff's left knee was burned during the surgical procedure. Plaintiffs contend on appeal that Supreme Court erred in denying that part of their motion seeking partial summary judgment on liability, and defendant Ira Davenport Memorial Hospital (Hospital) contends that the court erred in denying its cross motion for summary judgment dismissing the complaint against it. We affirm.

In seeking partial summary judgment on liability, plaintiffs relied on the theory of res ipsa loquitur. They contended that plaintiff's injury was not one that would occur in the absence of negligence, that the operating room, plaintiff and the instruments in the operating room were under defendants' exclusive control, that there is no evidence plaintiff caused or contributed to the injury, and that defendants provided no nonnegligent explanation for the injury. In opposition to the motion and in support of its cross motion, the Hospital asserted that, according to the deposition transcript and affidavit of its employee, the operating room technician who assisted defendant Alan J. Tabb during the procedure, "there was no departure from accepted practice or negligence on [her] part . . . ." In addition, in opposing plaintiffs' motion, Tabb and defendant Steuben Podiatric Associates, LLP submitted an affidavit in which their expert averred that plaintiff's left knee was not burned and, if it was burned, the burns were not the result of negligence on the part of Tabb.

Partial summary judgment on liability based on the theory of res ipsa loquitur is appropriate only where "the prima facie proof is so convincing that the inference of negligence arising therefrom is inescapable and unrebutted" (*Salter v Deaconess Family Medicine Ctr.* [appeal No. 2], 267 AD2d 976, 977 [1999]). Here, the inference of negligence was rebutted, and thus the court properly determined that plaintiffs were not entitled to partial summary judgment on liability. We conclude, however, that there are issues of fact with respect to the liability of the Hospital, and thus the court properly denied its cross motion for summary judgment dismissing the complaint against it (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Martoche, J.P., Smith, Pine and Hayes, JJ.